UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 06-178 (JRT/AJB) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR SENTENCE REDUCTION** |
| RODOLFO SANCHEZ, | |
| Defendant. | |

Ann M. Anaya, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 404 Warren E. Burger Federal Building and United States Courthouse, 316 North Robert Street, St. Paul, MN 55401, for plaintiff.

Rodolfo Sanchez, No. 12882-041, BSCC Air-park Unit, 3700 Wright Avenue, Big Spring, Texas 79720, *pro se*.

Defendant Rodolfo Sanchez moves for a sentence reduction based on the passage of the Fair Sentencing Act of 2010 which purported to eliminate the sentencing disparity between crack-cocaine and cocaine offenses. Because this Court finds the law is not retroactively applicable, the Court denies the motion.

**BACKGROUND**

On July 5, 2007, Sanchez pled guilty to one count of distribution of cocaine in excess of 50 grams in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). (Sentencing J., Docket No. 31.) He was sentenced to 70 months, the low end of the applicable range of 70 to 87 months recommended by the U.S. Sentencing Guidelines based on Sanchez's

criminal history and the offense level. At the hearing, defense moved for and prosecution agreed to the application of a lower sentencing range based on the anticipated enactment of the Fair Sentencing Act ("FSA"). President Barak Obama signed the FSA into law on August 3, 2010. Pub. L. No. 111-220, 124 Stat. 2372 (2010). Sanchez argues that his sentence does not reflect the guideline change and requests a reduction in his sentence.

## ANALYSIS

A review of the transcript form the hearing indicates that the Court did take into account the anticipated change in the sentencing guidelines. However, even if this were not the case, Sanchez's motion fails since the FSA is not retroactively applicable to sentences determined before its enactment.

The federal savings statute, 1 U.S.C. § 109, governs whether penal legislation that either decriminalizes previously criminal conduct or lessens the punishment for such conduct applies retroactively. The federal savings statute provides in pertinent part:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.

1 U.S.C. § 109.

Therefore, retroactive application of a criminal statute is "condition[ed] . . . on Congress's express provision within the legislation for its retroactive application." *United States v. Orr*, No. 09-3644, 2011 WL 722405, at *12 (8th Cir. Mar. 3, 2011). The Eighth Circuit has consistently noted that "the Fair Sentencing Act contains no express

- 3 -

statement that it is retroactive . . . ." *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010); *see also Orr*, 2011 WL 722405, at *12; *United States v. Brown*, 396 Fed. App'x 328, 329 (8th Cir. 2010). As a result, even if the Court had not already applied the reduction, Sanchez's motion would fail since he committed his crime and was sentenced prior to the enactment of the FSA. Therefore, the Court denies the motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense [Docket No. 35] is **DENIED.**

2. Defendant's motion for appointment of counsel [Docket No. 36] is **DENIED as moot**.

DATED: March 25, 2011　　　　　　　　　　 ____s/ John R. Tunheim____
at Minneapolis, Minnesota.　　　　　　　　　　 JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge